

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/06/2009

| | | |
|---|---|---|
| In re: | § § | Case No. 07-34360-H4-13 |
| HA THI NGUYEN-GASSAWAY a/k/a NANCY NGUYEN | § § § | CHAPTER 13 |
| Debtor. | § § § | |

**MEMORANDUM OPINION ON THE DEBTOR'S OBJECTION TO PROOF OF CLAIM OF HANK NGUYEN**
[Docket No. 76.]

## I. INTRODUCTION

The twin goals of bankruptcy are payment of claims and allowing a debtor to obtain a fresh start. *In re T-H New Orleans Ltd. Partnership*, 188 B.R. 799, 807 (E.D. La. 1995), *aff'd*, 116 F.3d 790 (5th Cir. 1997). Part and parcel to these goals, the bankruptcy court must determine which claims are allowable and which must be disallowed. The creditor's claim at issue in the dispute at bar falls into the latter category. While the proof of claim filed in this case is not deficient with respect to the attached documentation, the claim was doomed from the outset, when the alleged loan was not memorialized in writing.

## II. FINDINGS OF FACT

1. Ha Thi Nguyen-Gassaway (the Debtor) is a widow and was romantically involved with Hank Nguyen (Nguyen). [Testimony of the Debtor: June 29, 2009; Testimony of Nguyen: June 29, 2009.]

2. Throughout their relationship, Nguyen made out several checks to the Debtor and delivered them to her. She presented all these checks for payment and used the proceeds therefrom.

[Testimony of the Debtor: June 29, 2009; Testimony of Nguyen: June 29, 2009.]

3. On April 5, 2005, Nguyen wrote Check Number 2861 made payable to "Nguyen Ha" (i.e. the Debtor) in the amount of $125,000.00. There is nothing noted in the memo line on this check. [Proof of Claim Register, Claim 14, p. 3.]

4. On July 1, 2005, Nguyen wrote Check Number 2872 made payable to "Nguyen Ha" in the amount of $22,500.00. There is nothing noted in the memo line on this check. [Proof of Claim Register, Claim 14, p. 4.]

5. On September 7, 2005, Nguyen wrote Check Number 2878 made payable to "Ha Nguyen" in the amount of $5,000.00. In the memo line, the word "Cash" is written. [Proof of Claim Register, Claim 14, p. 5.]

6. On September 20, 2005, Nguyen wrote Check Number 2880 made payable to "Ha P. Nguyen" in the amount of $55,000.00. There is nothing noted in the memo line on this check. [Proof of Claim Register, Claim 14, p. 6.]

7. On October 21, 2005, Nguyen wrote Check Number 2828 made payable to "Ha Nguyen" in the amount of $5,000.00. There is nothing noted in the memo line on this check. [Proof of Claim Register, Claim 14, p 7.]

8. On November 29, 2005, Nguyen wrote Check Number 2831 made payable to "Ha Nguyen" in the amount of $5,000.00. There is nothing noted in the memo line on this check. [Proof of Claim Register, Claim 14, p. 8.]

9. On January 26, 2006, Nguyen wrote Check Number 2841 made payable to "Ha Phuong Nguyen" in the amount of $10,000.00. There is nothing noted in the memo line on this check. [Proof of Claim Register, Claim 14, p. 9.]

10. On January 20, 2006, Nguyen wrote Check Number 2843 made payable to "Gassaway" in the amount of $12,500.00. There is nothing noted in the memo line on this check. [Proof of Claim Register, Claim 14, p. 10.]

11. On March 3, 2006, Nguyen wrote Check Number 2848 made payable to "Ha Nguyen" in the amount of $50,000.00. There is nothing noted in the memo line on this check. [Proof of Claim Register, Claim 14, p. 11.]

12. On May 5, 2006, Nguyen wrote Check Number 3011 made payable to "Ha Nguyen" in the amount of $15,000.00. There is nothing noted in the memo line on this check. [Proof of Claim Register, Claim 14, p. 12.]

13. On August 2, 2006, Nguyen wrote Check Number 2897 made payable to "Ha Nguyen" in the amount of $5,000.00. There is nothing noted in the memo line on this check. [Proof of Claim Register, Claim 14, p. 13.]

14. On August 18, 2006, Nguyen wrote Check Number 2900 made payable to "Ha Nguyen" in the amount of $20,000.00. There is nothing noted in the memo line on this check. [Proof of Claim Register, Claim 14, p. 14.]

15. On August 30, 2006, Nguyen wrote Check Number 2909 made payable to "Ha Nguyen" in the amount of $7,000.00. There is nothing noted in the memo line on this check. [Proof of Claim Register, Claim 14, p. 15.]

16. On October 17, 2006, Nguyen transferred $25,000.00 to the Debtor, which she has stipulated was a loan from Nguyen, the proceeds of which she used to assist members of her family in Vietnam. [Tape recording from hearing on June 29, 2009 at 11:11 AM.]

17. The Debtor has never returned or repaid any of the money to Nguyen. [Testimony of

Nguyen: June 29, 2009.]

18. On July 2, 2007, the Debtor filed a Chapter 13 petition in this Court. [Docket No. 1.]

19. On December 23, 2008, Nguyen filed a proof of claim (the Claim) in this case, asserting an unsecured claim for $337,025.00. Nguyen attached copies of the checks he gave to the Debtor as well as a copy of the record of the October 17, 2006 transfer. [Proof of Claim Register, Claim 14.]

20. On April 13, 2009, the Debtor filed her Objection to Proof of Claim of Hank Nguyen (the Objection). [Docket No. 76.]

21. On April 24, 2009, Nguyen filed his Response/Objection of Hang Nguyen to the Debtor's Objection to his Claim (the Response). [Docket No. 80.]

22. On June 29, 2009, the Court held a hearing on the Objection and the Response.

23. At the June 29, 2009 hearing, the Debtor testified that the checks written to her by Nguyen did not constitute a loan; however, Nguyen testified that the checks did, indeed, constitute a loan. [Testimony of the Debtor: June 29, 2009; Testimony of Nguyen: June 29, 2009.]

24. At the June 29, 2009 hearing, Nguyen testified that there were no terms for the loan other than his understanding that the Debtor would repay Nguyen prior to his purchase of a house in the Houston area. [Testimony of Nguyen: June 29, 2009.]

25. At the June 29, 2009 hearing, Nguyen testified that he was only aware of the purpose for a few of the checks (i.e. the purchase of a nail salon, a house);[1] he was unaware of the purpose or use of the other checks. [Testimony of Nguyen: June 29, 2009.]

---

[1] The Debtor apparently owned and operated two nail salons. [Testimony of Nguyen: June 29, 2009; Testimony of the Debtor: June 29, 2009.]

26. At the June 29, 2009 hearing, Nguyen moved to amend his proof of claim in order to reduce the total claim to only $205,000.00. This amount reflects funds given to the Debtor for other purposes, such as reimbursement for business expenses. [Tape recording from hearing on June 29, 2009 at 10:58 AM.]

27. At the June 29, 2009 hearing, the Debtor stipulated to an unsecured debt owed to Nguyen in the amount of $25,000.00, which arose from the October 17, 2006 transfer of funds by Nguyen to assist the Debtor's family members in Vietnam. As a result of this stipulation, the contested portion of Nguyen's claim totals $180,000.00 instead of $205,000.00. [Tape recording from hearing on June 29, 2009 at 11:11 AM.]

### III. CONCLUSIONS OF LAW

#### A. Jurisdiction and Venue

The Court has jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This claim objection proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O). Additionally, this proceeding is a core proceeding under the general "catch-all" language of 28 U.S.C. § 157(b)(2). *See In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."); *In re Ginther Trusts*, No. 06-3556, 2006 WL 3805670, at *19 (Bankr. S.D. Tex. Dec. 22, 2006) (holding that a matter may constitute a core proceeding under 28 U.S.C. § 157(b)(2) "even though the laundry list of core proceedings under § 157(b)(2) does not specifically name this particular circumstance"). Venue is proper pursuant to 28 U.S.C. § 1408(1).

**B.       Because the instruments (i.e. the checks) used did not include any terms or other language evincing an intent to make a loan, these instruments, either individually or collectively, may not be construed and enforced as a loan.**

The existence and terms of this loan are governed by Texas law.[2] The Texas Supreme Court has determined that, when instruments are unambiguous, courts are to "give effect to the intention of the parties as expressed by the terms and provisions of the instruments." *Woods v. Sims*, 273 S.W.2d 617, 620 (Tex. 1955). In these situations, the instrument's plain language alone controls, as Texas courts have held that, "the instrument alone will be deemed to express the intention of the parties for it is objective, not subjective, intent that controls." *Briercroft Sav. & Loan Ass'n v. Foster Fin. Corp.*, 533 S.W.2d 898, 902 (Tex. Civ. App.—Eastland 1976, writ ref'd n.r.e.). When an instrument includes notations or statements that express the parties' intentions, Texas courts require such notations to be "clear and certain" and allow for only "one interpretation." *Coastal Plains Dev. Corp. v. Tech-Con Corp.*, 531 S.W.2d 143, 147 (Tex. Civ. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). Because Texas courts rely on the terms and conditions of the instrument itself, it is no surprise that when a loan document fails to include either the "terms" or the "conditions," Texas courts are generally reluctant to enforce such a document or create rights or duties under it. *See id.*

---

[2] The validity of the loan itself is a matter of state law. Generally, "[w]hat claims of creditors are valid and subsisting obligations against the bankrupt at the time a petition in bankruptcy is filed, is a question which, in the absence of overruling federal law, is to be determined by reference to state law." *Vanston Bondholders Protective Comm. v. Green*, 329 U.S. 156, 161 (1946); *see also Woods-Tucker Leasing Corp. of Ga. v. Hutcheson-Ingram Dev. Co.*, 642 F.2d 744, 748 (5th Cir. 1981) (holding that "whether, under applicable state law...the transaction is in fact a secured loan rather than a true sale-leaseback; and if a loan, whether it is usurious."); *In re Save Our Springs (S.O.S.) Alliance, Inc.*, 388 B.R. 202, 247-48 (Bankr. W.D. Tex. 2008) (noting that, "as with most determinations of whether or not a particular asset is property of a bankruptcy estate, state law governs the determination of the debtor's interest in the property.").

Further, Texas law specifically governs the claim at issue. When the parties to a contract have not specified which state's laws control, then "the law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue." *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984). In the case at bar, the Debtor filed for bankruptcy in Texas, resides in Texas, and used the money in Texas, while Nguyen, at the very least, visited the Debtor in Texas and planned or considered buying a house in this state. [Testimony of the Debtor: June 29, 2009; Testimony of Nguyen: June 29, 2009.] These acts demonstrate Texas' significant relationship to the alleged loan, and require the application of Texas law, even though Nguyen himself lives in Louisiana.

Indeed, even when one writes the word "loan" on a check, this is generally, by itself, insufficient to create a loan, unless it can be shown "that the notation was intended to constitute a part of the parties' contract and that it was stated in such a manner that the endorser was bound to understand the legal effect of his acceptance." *Sumaruk v. Todd*, 560 S.W.2d 141, 145-46 (Tex. Civ. App.—Tyler 1977, no writ) (citing *Coastal Plains Dev. v. Tech-Con Corp.*, 531 S.W.2d at 147).

The checks in the case at bar are insufficient to create a loan agreement under Texas law. Nguyen failed to include any notations, terms, or conditions on the checks. [Finding of Fact Nos. 3-15.] There is nothing on the instruments that evinces the intent of either Nguyen or the Debtor. Additionally, since Texas law generally does not construe checks with the word "loan" written on them as loan agreements, checks without notations, terms, or other language evincing the parties' intent to create a loan agreement are clearly unenforceable. For this reason, the Court will not enforce the checks as a loan to the Debtor. Accordingly, the Debtor's objection to the proof of claim as to the remaining contested $180,000.00 is sustained.

### C. In the alternative, even if the lack of any loan terms is not dispositive of the issue of the existence of a loan, the Court finds there to be compelling evidence of a gift.

Texas law defines a gift as the "transfer of property made voluntarily and gratuitously . . . without any consideration." *Hilley v. Hilley*, 342 S.W.2d 565, 575-76 (Tex. 1961). When determining whether a transfer is a gift, three elements are examined: "intent to make a gift," "delivery of the property," and "acceptance of the property." *In re Douglass*, No. 04-12499-CAG, 2009 WL 595329, at *5 (Bankr. W.D. Tex. Mar. 6, 2009). Finally, the party asserting the existence of a gift bears the burden of proving it. *Roberts v. Roberts*, 999 S.W.2d 424, 432 (Tex. App.—El Paso 1999, no pet.).

This Court finds the analysis found in *In re Douglass* to be both informative and persuasive. In that case, the party alleged to have gifted $75,000.00 to the Debtor did so by signing "gift letters" with the terminology of "will give" and "have given." 2009 WL 595329, at * 2. The court held that the signing of these letters plus the "later inaction to safeguard her monetary contribution," taken together, "satisfy the first element of an intent to make a gift." *Id.* at *5. Similarly, in this case, Nguyen signed multiple checks made out to the Debtor with no notation, save for the word "cash" written on one of the checks. [Finding of Fact No. 5.] In addition, Nguyen continued to write checks to the Debtor over a period of almost one-and-a-half years, without receiving any payment or written acknowledgment of debt from the Debtor. [Finding of Fact No. 17.] The Court construes these circumstances as "inaction to safeguard" Nguyen's alleged loan. Finally, neither delivery nor acceptance can reasonably be disputed in this case.

Therefore, even though the Debtor carries the burden of proving the checks were a gift rather than a loan, the Court finds that the Debtor has indeed met that burden. Even if the lack of terms written on the checks alone are insufficient to dispose of the claim asserted by Nguyen, then proof of a donative intent on the part of Nguyen assuredly does.

### D. Finally, even if an agreement existed between Nguyen and the Debtor, then the Statute of Frauds bars the loan.

Finally, the Court holds that even if Nguyen did extend a loan to the Debtor, the loan is unenforceable under Texas law, as Nguyen's and the Debtor's performance under the purported agreement exceeded one year.

Under Texas law, any "agreement which is not to be performed within one year from the date of making the agreement" must be "in writing" and "signed." Tex. Bus. & Com. §§ 26.01(a) &

8

(b)(6). Because of this statute, the Court must examine "the duration of the contract." *Quinn v. Workforce 2000, Inc.*, 887 F. Supp. 131, 136 (E.D. Tex. 1995) (citing *Morgan v. Jack Brown Cleaners, Inc.*, 764 S.W.2d 825, 827 (Tex. App.—Austin 1989, writ denied)).

This section of the Texas Business and Commerce Code applies to the alleged agreement between Nguyen and the Debtor. Nguyen's own performance had not concluded within a year—assuming that the date of the first check is the date the oral agreement was made and that the date of the last check is the date performance was complete (forced, as the Court is, to assume such things, given the lack of any terms for the loan). Under these assumptions, Nguyen's performance began on April 5, 2005 and concluded on August 30, 2006. [Finding of Fact Nos. 3 & 15.] When one charged with repayment of a loan does so in installments, his or her performance is not considered to be complete until the last installment has been paid. *See, e.g., McCauley v. Drum Serv. Co., Inc.*, 772 S.W.2d 135, 136 (Tex. App.—Houston [14th Dist.] 1989, writ denied). This Court sees no reason not to apply the same reasoning to the performance of the party making the loan. If a loan agreement existed under which Nguyen wrote checks to the Debtor over a period of time, then his performance cannot be considered complete until the last check was written: August 30, 2006. Therefore, his performance not only was "not to be performed" within one year, but his performance actually exceeded one year, which brings this agreement within the ambit of the Statute of Frauds.

Further, if the Debtor was required to repay these funds to Nguyen, and she had not yet done so by April 5, 2006, then her performance also would necessarily take longer than one year. The Debtor had not made any payments to Nguyen, let alone come close to concluding her performance, within one year under the alleged agreement. [Finding of Fact No. 17.]

The facts clearly show that each party's performance did not and could not occur within one

year. Therefore, § 26.01 applies, and—if a loan agreement did exist—such agreement was required to be in writing and signed. *See, e.g.*, *Mandell v. Hamman Oil & Ref. Co.*, 822 S.W.2d 153, 162 (Tex. App.—Houston [1st Dist.] 1991, writ denied) (holding that because "[t]he performance under the gas purchase contract extended for more than one year" the Statute of Frauds applied, rendering the agreement unenforceable). These facts also make this case distinguishable from the case relied upon by Nguyen in his Response, *Marie v. Velasquez*, because, in that case, one party to the agreement fully performed within one year. No. 04-08-00271-CV, 2008 WL 5082989, at *3 (Tex. App.—San Antonio 2008, pet. denied). In the case at bar, neither party performed within one year, which brings this agreement within the Statute of Frauds; and, even if a loan agreement did exist, such an agreement is unenforceable.

## IV. CONCLUSION

This Court notes that had Nguyen been more prudent prior to writing checks to the Debtor, his proof of claim may very well have been allowed. Nguyen followed all the appropriate rules and standards for filing a proof of claim, including attaching copies of both sides of the checks that he wrote and delivered to the Debtor. His problem is that he never reduced to writing the loan that he testified he believed he made to the Debtor. Moreover, he made no notations or recordings of the purported agreement's terms on the checks, displayed a donative intent throughout, and failed to comply with the Statute of Frauds.

For the foregoing reasons, the Objection is sustained. An order consistent with this Memorandum Opinion will be entered on the docket simultaneously with the entry of this Memorandum Opinion.

Signed on this **6th** day of July, 2009.

Jeff Bohm
United States Bankruptcy Judge